UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RALPH HOWARD BLAKELY,

                          Plaintiff,

   v.

GREGORY JONES, et al.,

                         Defendants.

Case No. 3:18-cv-05021-RBL-TLF

REPORT AND RECOMMENDATION

Noted for July 20, 2018

This matter comes before the Court on plaintiff's motion for an order to compel named defendants to release and transfer his legal documents. Dkt. 30. For the reasons set forth below, the undersigned recommends the Court deny the motion.[1]

Plaintiff, a prisoner at the Airway Heights Corrections Center, has filed a civil rights complaint under 42 U.S.C. § 1983, for violating his due process rights under the Fourth, Fifth, and Fourteenth Amendments. Dkt. 14. Plaintiff alleges defendants improperly seized his legal documents and retaliated against him for filing a grievance. *Id.* at pp. 1-2. He alleges the seizure of his documents caused him severe financial loss and severe legal injury in regard to his ability

---

[1] Plaintiff previously filed a proposed motion to compel prior to the removal of this matter from the Eastern District of Washington to this Court. Dkt. 7. As that motion is essentially the same as the motion currently before the Court, for the same reasons it should be denied as well.

REPORT AND RECOMMENDATION - 1

to meet legal deadlines. Dkt. 14, p. 2. Plaintiff seeks the release of his legal documents, as well as the payment of costs associated with this cause of action. *Id.* at p. 4.

In his motion for an order to compel named defendants to release and transfer his legal documents, plaintiff asks for an order to compel "the immediate transfer of all and every legal document" belonging to him. Dkt. 30, p. 1. As defendants point out, it is unclear if plaintiff is intending his motion to be a motional to compel pursuant to Federal Rule of Civil Procedure ("FRCP") 37 or a motion for injunctive relief. In his reply to defendants' response to his motion, plaintiff appears to be arguing it is the latter not the former. Dkt. 35, p. 1. Either way, the Court should deny the motion.

A motion to compel discovery under FRCP 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FRCP 37(a)(1). Plaintiff does not deny that he has not provided the requisite certification (*see* Dkts. 34, 34-1, 35), but instead argues he is not required to meet and confer with defense counsel, because he exhausted the prison grievance process (Dkt. 35, p. 2). Plaintiff is incorrect.

Although plaintiff must exhaust all administrative remedies prior to filing his civil rights complaint in this Court, that is a requirement separate and distinct from his obligations under the federal civil discovery rules. *See* 42 U.S.C. § 1997e(a) (providing that no prisoner may bring a cause of action under 42 U.S.C. § 1983 "until such administrative remedies as are available are exhausted."). Accordingly, to the extent plaintiff's motion is construed as a motion to compel under FRCP 37, it should be DENIED.

Plaintiff is possibly requesting a preliminary injunction compelling the return of his legal

REPORT AND RECOMMENDATION - 2

documents. The test for determining whether a plaintiff has made a sufficient showing for the Court to grant preliminary injunctive relief is:

> (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases).

*Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). In the alternative, the plaintiff may obtain such relief by showing either: (a) a combination of likely success on the merits and the possibility that he or she will suffer irreparable injury; or (b) that serious questions have been raised as to the merits of the plaintiff's claims, and the balance of hardships tips sharply in his or her favor. *Lopez v. Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012).

The focal point of both tests, however, is the existence and degree of irreparable injury. *Oakland Tribune, Inc., v. Chronicle Publ'g Co.,* 762 F.2d 1374, 1376 (9th Cir.1985). If the party seeking preliminary injunctive relief has not shown irreparable harm, the request for such relief may be denied on that basis alone. *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011); *Oakland Tribune, Inc.*, 762 F.2d at 1376 ("[u]nder any formulation" of the above tests, the moving party "must demonstrate that there exists a significant threat of irreparable injury").

"Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief." *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir.1988). The moving party "must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief*." Id*. Further, a preliminary injunction is "an extraordinary and drastic remedy" that "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C.

REPORT AND RECOMMENDATION - 3

Wright, A. Miller, & M. Kane, FEDERAL PRACTICE & PROCEDURE § 2948, pp. 129-30 (2d ed. 1995)) (emphasis added by the Supreme Court); *Winter,* 555 U.S. at 9 (2008).

The court must proceed with caution when considering motions for preliminary injunctive relief in cases involving the administration of state prisons. *Turner v. Safley*, 482 U.S. 78, 85 (1987); *Gilmore v. California*, 220 F.3d 987 (9th Cir. 2000). In addition, pursuant to the Prison Litigation Reform Act, any grant of prospective relief in regard to prison conditions must be narrowly drawn, extend no further than necessary, and be the least intrusive means necessary for correction. 18 U.S.C. § 3626(a)(1)(A); *see also Gomez v. Vernon,* 255 F.3d 1118, 1129 (9th Cir. 2001).

Here, plaintiff has not carried his burden of clearly demonstrating that the facts establish the existence of irreparable harm. Nor has plaintiff clearly demonstrated a likelihood of success on the merits or that the balance of hardships tips sharply in his favor. Accordingly, plaintiff is not entitled to preliminary injunctive relief.

In addition, as defendants point out, plaintiff essentially is asking for the same relief he is seeking in his civil rights complaint. "Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." FRCP 65(a)(2). Plaintiff has not asked for this, however, nor does the undersigned see any basis for advancing the trial on the merits at this time. Accordingly, to the extent plaintiff is seeking injunctive relief, that request should be DENIED as well.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that plaintiff's motion (Dkt. 30) and proposed motion (Dkt. 7) for an order to compel named defendants to release and

REPORT AND RECOMMENDATION - 4

1  transfer his legal documents be DENIED.

2  Pursuant to 28 U.S.C. § 636(b)(1) and FRCP 72(b), the parties shall have **fourteen (14)**

3  **days** from service of this Report and Recommendation to file written objections. *See also* FRCP

4  6. Failure to file objections will result in a waiver of those objections for purposes of appeal.

5  *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by FRCP 72(b),

6

7  the Clerk is directed to set the matter for consideration on **July 20, 2018,** as noted in the caption.

8  DATED this 5th day of July, 2018.

9

10

11

12  Theresa L. Fricke
United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26  REPORT AND RECOMMENDATION - 5